IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| THE PEOPLE OF MISSOURI and ROBERT DUPREE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 06-0075-CV-W-SOW |
| GENERAL MILLS OPERATIONS, INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

ORDER

Before the Court is Defendant Union's Motion for Summary Judgment (Doc. # 12) and Defendant Union's Motion for Injunctive Relief (Doc. # 24). For the reasons stated herein, defendant's motion for summary judgment is granted and its motion for injunctive relief is granted in part and denied in part.

I. Background

The relevant uncontroverted material facts are as follows: Plaintiff pro se Robert Dupree ("Dupree") began working at General Mills Operations, Inc. ("General Mills") in 1979. Defendant Bakery, Confectionary, and Tobacco Workers and Grainsmiller Union ("Union") is a labor organization representing employees of General Mills. While employed, plaintiff was a member of the bargaining unit that the Union represents at General Mills, and was subject to the terms and conditions of employment contained in the labor agreements between General Mills and Union. In December 1999, plaintiff was terminated from General Mills. Dupree has not worked for General Mills, or for any other employer employing members of a bargaining unit represented by Union since 1999.

On May 1, 2001, Dupree filed a Complaint against the Union in the United States District Court for the Western District of Missouri captioned Dupree v. Bakery, Confectionary, Tobacco Workers and Grainmillers Local #16G, Case No. 01-CV-00463-NKL ("Dupree I"). Dupree I was dismissed without prejudice on February 19, 2002, upon the mutual agreement of the parties. On March 8, 2004, Dupree filed a Petition against the Union in the Circuit Court of Jackson County, Missouri captioned Dupree v. Bakery, Confectionary, Tobacco Workers and Grainmillers Local # 16G, Case No. 04CV206530. On April 30, 2004, defendant Union removed the case to the United States District Court for the Western District of Missouri. Case No. 04-CV-00398-DW ("Dupree II"). Dupree's March 3, 2004 Petition alleged that the Union failed to assist him in alleviating a harassing work environment and failed to represent him throughout his suspension and subsequent termination from employment at General Mills. In Dupree II, the Union sought and was granted summary judgment in its favor. Judge Whipple determined that Dupree's duty of fair representation claim was barred by the applicable statute of limitations.

On January 5, 2006, Dupree again filed suit in the Circuit Court of Jackson County, Missouri. This case is captioned People of Missouri, et al. v. General Mills Operations, Inc., et al., case no. 0516CV36352, and was removed to this Court on January 27, 2006, case no. 06-0075-CV-SOW ("Dupree III").

In the current lawsuit (Dupree III), plaintiff makes the following allegations with regard to the Union: Dupree alleges that he filed complaints of discrimination with the Union and that the Union failed to defend him when his rights were violated. Dupree asserts that he was terminated by defendant General Mills and the Union "refused to represent the rules that

2

protected [Dupree's] employment." Dupree alleges that "the Union and General Mills conspired to injure the complainant by termination of employment." Dupree contends that he informed the Union of the discrimination and "unfair treatment" to which he was subjected at the hands of General Mills, but that the Union "failed to stop the conduct of General Mills, and allowed them to 'terminate' [Dupree] with bogus charges."

The cause of action asserted in Dupree's Amended Complaint demonstrates that his claim against the Union is one for breach of the duty of fair representation. Dupree asserts that in fact he is asserting the cause of action of conspiracy. This too constitutes a claim for breach of the duty of fair representation. E.g., Steffens v. Bhd. of Ry., Airlines & S.S. Clerks, Freight Handlers, Exp. & Station Employees, 797 F.2d 442, 448 (7th Cir. 1986) ("[i]nsofar as the Plaintiffs sought relief from conspiracy between [the union] and [the employer], their suit is a hybrid duty of fair representation action.").

## II. Standard

A motion for summary judgment should be granted if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Rafos v. Outboard Marine Corp., 1 F.3d 707, 708 (8th Cir. 1993) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). The party who moves for summary judgment has the burden of showing that there is no genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The party opposing a properly supported motion for summary judgment may not rest upon the allegations in the pleadings, "but must set forth specific facts showing there is a genuine issue for trial." Id.

3

Although he is proceeding pro se, plaintiff like any other civil litigant, is required to respond to defendant's motion with specific factual support for his claims in order to avoid summary judgment. Beck v. Skon, 253 F.3d 330, 333 (8th Cir. 2001). A pro se litigant is not excused from complying with the Federal Rules of Civil Procedure when contesting a motion for summary judgment. Id.

### III. Discussion

Defendant Union asserts that summary judgment is appropriate in this case because plaintiff's claims are barred by res judicata. This Court agrees.

The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). The Eighth Circuit has ruled that the court must undertake a three-part inquiry in determining whether res judicata applies. It must determine: (1) whether the prior judgment was rendered by a court of competent jurisdiction; (2) whether the prior judgment was a final judgment on the merits; and (3) whether the same cause of action and the same parties or their privies were involved in both cases. Lane v. Peterson, 899 F.2d 737, 741 (8th Cir. 1990).

The first two requirements are easily established in this case. In Dupree II, Judge Whipple ruled in favor of the Union and against Dupree on Union's Motion for Summary Judgment. Judge Whipple ordered that the case be dismissed with prejudice because Dupree's claim was barred by the six-month statute of limitations applicable to duty of fair representation claims brought pursuant to the National Labor Relations Act, 29 U.S.C. § 185.

In examining the third requirement, the Eighth Circuit has "adopted the position of the

4

Restatement (Second) of Judgments in determining whether two causes of action are the same." Id. at 742. "A claim is barred by res judicata if it ariases out of the same nucleus of operative facts as the prior claim." Banks v. Int'l Union Electronic, Electrical, Technical, Salaried & Machine Workers, 390 F.3d 1049, 1052 (8th Cir. 2005) (citing Lane, 899 F.2d at 742). Furthermore, res judicata bars relitigation not only of those matters that were actually litigated, but also those that *could have* been litigated in the earlier proceeding. King v. Hoover Group, Inc., 958 F.2d 219, 223 (8th Cir. 1992) (emphasis added).

In this case, the third requirements is met. Dupree previously filed a suit against the Union based on the same allegations that form the claimed legal wrong in this case. In Dupree II, plaintiff contended that the Union failed to assist him in alleviating a harassing work environment and failed to represent him throughout his suspension and subsequent termination from employment at General Mills. The identical grounds are alleged in this case.

Dupree argues that he did not make any allegations of conspiracy against the Union in his prior lawsuits and that, therefore, res judicata does not apply. Even though plaintiff contends that the current case in fact brings a claim for conspiracy, this claim is likewise barred by the doctrine of res judicata. Dupree's claim of conspiracy against the Union is nothing more than a duty of fair representation claim by a different name. See Steffens, 797 F.2d at 448. Furthermore, the facts making up the allegation for conspiracy were in existence at the time Dupree II was filed. As noted above, res judicata bars not only matters that were actually litigated, but those that could have been litigated earlier. Dupree does not provide any factual support for his conspiracy claim such that it is anything different than the claims he has filed before. Accordingly, plaintiff's claims against defendant Union are barred by the doctrine of res judicata and summary

judgment is appropriate.

Defendant Union also moves the Court for a permanent injunction against Dupree enjoining him from the service or filing of any new lawsuit, action, proceeding or matter within the Western District of Missouri, against the Bakery, Confectionary, Tobacco & Grainmillers Union Local 16G, and/or its agents, and/or its attorneys, without first obtaining leave of court. Union contends that Dupree's continued filing of lawsuits against the Union is harassing, vexatious, and duplicative.

The Court recognizes that the current lawsuit is the third duty of fair representation claim Dupree has filed against the Union. An injunction limiting Dupree's opportunity to file innumerable additional lawsuits again the Union is an appropriate exercise of the Court's discretion. See, e.g., Martin-Trigona v. Lavien, 737 F.2d 1254, 1262-63 (2d Cir. 1984). The Court finds that an injunction enjoining Dupree from filing any new lawsuit in the Western District of Missouri against Union without leave of court is in the best interest of the parties. Defendant Union further moves the Court to enjoin plaintiff from filing any new lawsuit against Union in any federal or state forum in the United States without requiring Dupree to attach certain documents. The Court will not grant this request.

IV. Conclusion

Based on the above, it is hereby

ORDERED that Defendant Union's Motion for Summary Judgment (Doc. # 12) is granted. Defendant Union shall be terminated from this case. It is further

ORDERED that Defendant Union's Motion for Injunctive Relief (Doc. # 24) is granted in part and denied in part. Plaintiff Robert Dupree is permanently enjoined from the service or

6

filing of any new lawsuit, action, proceeding or matter within the Western District of Missouri, against the Bakery, Confectionary, Tobacco & Grainmillers Union Local #16G, and/or its agents, and/or its attorneys, without first obtaining leave of court.  Plaintiff shall file a "Motion Pursuant to Court Order Seeking Leave to File" with his Complaint or document purporting to commence his action which has attached to it (a) a copy of this Court's permanent injunction order; and (b) a list of each lawsuit, action, proceeding, matter, or Amended Complaint previously filed by plaintiff against the Union.  It is further

       ORDERED that defendant Union's request for attorney's fees and costs is denied.

                                            /s/Scott O. Wright
                                            SCOTT O. WRIGHT
                                            Senior United States District Judge

Dated:  March 20, 2006